**NOT FOR PUBLICATION**

**FILED**

FEB 9 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| HILDA MORALES-MORALES, AKA Petronila Morales-Morales, | No.  21-70686 |
| Petitioner, | Agency No. A209-294-875 |
| v. | MEMORANDUM[*] |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 7, 2022[**]
Phoenix, Arizona

Before:  GRABER and MILLER, Circuit Judges, and FITZWATER,[***] District Judge.

Hilda Morales-Morales, a native and citizen of Guatemala, petitions for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

review of the Board of Immigration Appeals' decision dismissing her appeal of an immigration judge's order of removal and rejection of her claims of asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the agency's factual findings, including adverse credibility determinations, for substantial evidence. *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020). Under this standard, "[t]he agency's 'findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)). In assessing an adverse credibility finding, the court must look to the "totality of the circumstances[] and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Substantial evidence supports the agency's finding that Morales-Morales lacked credibility. First, Morales-Morales used her sister's name and birthdate on her application for relief and at four immigration court hearings, only correcting the record two weeks before her merits hearing. The agency did not err in relying on this inconsistency because an applicant's "deliberate deception . . . casts doubt on [her] credibility and the rest of [her] story." *Singh v. Holder*, 643 F.3d 1178, 1181 (9th Cir. 2011). Morales-Morales attempted to explain the inconsistency by

stating that she wished to start "anew" and to avoid paying a debt that she owed the human smugglers who arranged her entry. The immigration judge reasonably rejected those explanations because it is not clear how either goal would be served by Morales-Morales's claiming to be her sister, who is similarly in the United States without status. These explanations are not so convincing that any reasonable adjudicator would be compelled to accept them. *Li v. Garland*, 13 F.4th 954, 958–59, 961 (9th Cir. 2021).

Second, Morales-Morales falsely claimed in her application not to know that it was her uncle who attempted to kill her father in Guatemala. She attempted to explain the inconsistency by testifying that she "didn't want to get [her] uncle in trouble." The immigration judge reasonably rejected that explanation, observing that it "makes no sense" that she would not want to get her uncle in trouble for the attempted murder or that she would not update her application to include the information after her uncle died. *See Li*, 13 F.4th at 958–59, 961. Morales-Morales argues that the inconsistency should be ignored because her "claim for relief was not based on" her father's attempted murder, but the Board may support its adverse credibility finding with "any" non-trivial inconsistency in the record. *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010).

Third, the agency found Morales-Morales's answers to questioning concerning her use of a false name and birthdate to be nonresponsive. Because the

3

immigration judge's decision identified specific instances of nonresponsive testimony, the agency permissibly considered that aspect of Morales-Morales's demeanor in its adverse-credibility analysis. *See Shrestha¸* 590 F.3d at 1045.

Finally, the agency permissibly considered Morales-Morales's failure to provide any evidence to corroborate her sexual-orientation claim, which she raised for the first time at her merits hearing. The applicant bears the burden of establishing her claim for relief, 8 U.S.C. § 1158(b)(1)(B), and, in the absence of credible testimony or any other evidence, Morales-Morales did not carry that burden.

**PETITION DENIED.**